FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

02 SEP 23 PM 3:27

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| ANTWAN SANDERS, | ] |
|  Petitioner, | ] |
| vs. | ] CIVIL ACTION NO. 01-C-1820-E |
| WARDEN R. WILEY, | ] |
|  Respondent. | ] |

ENTERED
SEP 23 2002

### MEMORANDUM OF OPINION

This is a petition for a writ of habeas corpus brought by a federal inmate pursuant to 28 U.S.C. § 2241. The petitioner, Antwan Sanders, is a federal inmate, incarcerated at the Federal Prison Camp in Talladega, Alabama. Sanders is serving a fifty (50) month prison sentence imposed upon him on December 29, 1997, in the United States District Court for the Northern District of Alabama, after his conviction for possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and possession of a firearm in the furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). *United States v. Antwan Kenneth Sanders*, No. CR-99-S-388-S (N.D. Ala. 2000). Sanders contests the Bureau of Prison's decision that he is ineligible for early release consideration pursuant to Title 18 U.S.C. § 3621(e)(2), after their original notice to him that he was "provisionally eligible for an early release."

In response to the court's order to show cause, the respondents have submitted an answer, in which they argue that the petitioner's claim is due to be dismissed because the issue

10

is not ripe for judicial review[1] and because the petitioner was erroneously informed that he could be eligible for early release, when in fact he is ineligible for early release under 18 U.S.C. § 3621(e) because he was convicted of a crime of violence. By order of the court, the parties were advised that the respondent's answer would be treated as a motion for summary dismissal. The petitioner was advised that, in responding to the motion for summary dismissal, he must supply the court with counter affidavits and/or documents to set forth specific facts showing that there are genuine issues of material fact to be decided. In response, the petitioner has filed an unsworn opposition and an affidavit.

Sanders claims that during his incarceration, he has participated in a Bureau of Prisons residential drug abuse treatment program. Pursuant to Title 18 U.S.C. § 3621(e)(2), the BOP is authorized, but not required, to reduce a qualifying inmate's sentence by up to one year, upon the inmate's successful completion of the program. Title 18 U.S.C. § 3621(e)(2) provides:

> (A) **Generally.** — Any prisoner who, in the judgment of the Director of the Bureau of Prisons, has successfully completed a program of residential substance abuse treatment provided under paragraph (1) of this subsection, shall remain in the custody of the Bureau under such conditions as the Bureau deems appropriate. . . .
> (B) **Period of Custody.**— The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

---

[1] At the time the petitioner filed his "Reply to the Respondents Show Cause Order" on October 17, 2001, the petitioner had not completed the Residential Drug Abuse Program, but he did indicate in his affidavit that he had completed over seventy-five percent of the 500-hour program and that he was supposed to graduate within 50 days. The petitioner has not submitted anything further to the court to indicate that he actually completed the program.

Sanders was originally advised by the BOP that he was eligible for early release as an exercise of the discretion of the Director of the Bureau of Prisons. However, this notification was erroneous, because his offense, possession of a firearm during a drug trafficking crime, is considered to be a crime of violence under Program Statement 5162.04. Program Statement 5162.04 provides, in part, as follows:

> 6. OFFENSES CATEGORIZED AS CRIMES OF VIOLENCE
>
>   a. Criminal Offenses That are Crimes of Violence in **All Cases**. Some Bureau policies or programs require a determination that an inmate committed a crime of violence, for example, the Program Statement on Inmate Discipline and special Housing Units. Other policies or programs, such as early release pursuant to 18 U.S.C. § 3621(e), indicate that an inmate could be denied the benefits of such programs if he or she was convicted of an offense listed in either Section 6 or 7.
>
> Any conviction for an offense listed below is categorized as a crime of violence.
>
>   . . .
>
>   (1) Title 18 United States Code Sections
>
> 924(c) firearms used in violent or drug trafficking crimes. . .

The petitioner contends that the BOP's subsequent decision that he is not eligible for early release consideration, after initially informing him that he was eligible for early release consideration, violates his constitutional rights. However, it is clear that the petitioner was in fact, never eligible for early release, despite the erroneous notification he received from the BOP. Sanders was convicted of possession of a firearm in furtherance of a drug trafficking crime, which has consistently been interpreted as a crime of violence by the BOP. Title 18 U.S.C. § 3261(e)(2)(B) gives the BOP discretion to adopt any reasonable definition of "nonviolent offense." *Parsons v. Pitzer*, 149 F.3d 734, 737 (7th Cir. 1998). In Program

3

Statement 5162.04(6)(a)(1), the BOP interpreted violations of 18 U.S.C. § 924(c) to be crimes of violence. In deciding whether the BOP's decision should be upheld, "the ultimate inquiry is whether its interpretation of 'nonviolent offense' as that term is used in connection with this statutory program is reasonable." *Cook v. Wiley*, 208 F.3d 1314, 1320 (11th Cir. 2000). The BOP has determined that Sander's crime is not a non-violent crime. The court concludes that this is a reasonable interpretation of §3621(e)(2)(B). Because the BOP acted reasonably in determining that the petitioner's crime is not a "non-violent offense," his petition is due to be dismissed. An appropriate order will be entered.

DONE this __23d__ day of September, 2002.

_____
U. W. CLEMON
CHIEF UNITED STATES DISTRICT JUDGE